United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40874
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE CHAPA-CONTRERAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-382-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Jose Chapa-Contreras (Chapa) appeals following his guilty-plea conviction and 37-month sentence for being found in the United States after a previous deportation.  Chapa first argues that his sentence should be vacated because it was imposed pursuant to a mandatory application of the Sentencing Guidelines, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government concedes the error, and it further concedes that Chapa's objection under Blakely v. Washington, 542 U.S. 296 (2004), preserved the issue for appellate review. However, the Government contends that the error is harmless.

The Government bears the burden of showing that a Booker error was harmless beyond a reasonable doubt. United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005). The Government has failed to show "that the district court would have imposed the same sentence absent the error." Id. at 286. Accordingly, we will vacate Chapa's sentence and remand for resentencing.

For the first time on appeal, Chapa challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Chapa contends that his conviction should be reduced to one under 8 U.S.C. § 1326(a)(2) and the judgment reformed to reflect conviction only under that provision.

Chapa's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Chapa contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268,

276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Chapa properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.  Chapa's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.